UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAIME RIEGER,

        Plaintiff,                      Case No. 2:24-cv-12170
                                            District Judge Brandy R. McMillion
v.                                               Magistrate Judge Anthony P. Patti

JEREMY HOWARD, *et al.*,

        Defendants.
_____/

## ORDER REQUIRING PLAINTIFF TO FILE A CERTIFICATION IN COMPLIANCE WITH FED. R. CIV. P. 11(A)

Plaintiff Jaime Rieger filed this action *in pro per* on August 19, 2024, bringing a single claim for failure to protect against Defendants Jeremy Howard, Nicole Goodwin, Jessica Fullove, and Eric Walton (ECF No. 1 (listing last names), ECF No. 23 (listing full names)).  Plaintiff failed to sign the form complaint.  (ECF No. 1, PageID.5.)

The case was assigned to Judge Brandy R. McMillion, who referred the case to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)."  (ECF No. 22, PageID.114.)

Federal Rule of Civil Procedure 11 states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.  The paper must state the signer's address, e-mail address, and telephone number."  Fed. R. Civ. P. 11(a).  Although Plaintiff's complaint includes her contact information, the complaint is not signed.  (ECF No. 1.)  Plaintiff's signature is required to meet her obligations under Rule 11:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  The Rule provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."  Fed. R. Civ. P. 11(a).  Thus, **ON OR BEFORE Wednesday,**

**January 28, 2026,** Plaintiff is ordered to submit a signed statement certifying that the complaint has been submitted for purposes consistent with her Rule 11 obligations.  Should Plaintiff fail to meet this deadline, her complaint **SHALL** be stricken, and the Court will issue a Report and Recommendation that this case be dismissed for failure to meet her Rule 11 obligations and failure to prosecute.

    **IT IS SO ORDERED.**

Dated: December 22, 2025           _____
                                                         Anthony P. Patti
                                                         UNITED STATES MAGISTRATE JUDGE