UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE RIEGER,

        Plaintiff,

v.

JEREMY HOWARD, *et al.*,

        Defendants.
_____/

Case No. 2:24-cv-12170

Hon. Brandy R. McMillion
United States District Judge

Hon. Anthony P. Patti
United States Magistrate Judge

## ORDER ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF NO. 28), GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 25), AND DISMISSING DEFENDANTS HOWARD AND WALTON

Plaintiff Jamie Rieger ("Rieger") filed this *pro se* prisoner civil rights case against Defendants Warden Jeremy Howard ("Howard"), Officers Nicole Goodwin and Jessica Fullove, and Deputy Eric Walton ("Walton") (collectively, "Defendants"). *See generally* ECF No. 1. Rieger alleges that Defendants failed to protect her when she was attacked by another inmate at the Huron Valley Women's Correctional Facility. *Id.*

This matter was referred to Magistrate Judge Anthony P. Patti for all pretrial matters. ECF No. 22. On March 18, 2025, Defendants Howard and Walton moved for summary judgment based on Reiger's failure to show any personal involvement

1

of the Howard or Walton, and alternatively, because Reiger did not exhaust her claims against the two prior to filing suit.  *See generally* ECF No. 25.  In Response, Reiger conceded that her claims against Howard should be dismissed.  See ECF No. 26, PageID.186.  However, she objects to the dismissal of Walton because she states Walton fails to meet his burden of demonstrating there is no dispute as to material facts on her claims.  *Id.* at PageID.187.

On December 22, 2025, Magistrate Judge Patti issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' Motion for Summary Judgment.  ECF No. 38.  At the end of the R&R, the Magistrate Judge advised the parties that to seek review of her recommendation, they had to file specific objections with the Court within 14 days of service of the R&R.  *Id.* at PageID.211-212.  As of the date of this Order, January 22, 2025—30 days since the Magistrate Judge issued the R&R—neither party has filed objections to the R&R or contacted the Court to ask for more time to file objections.

The failure to object to an R&R releases the Court from its duty to independently review the matter.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987) (explaining that a party's failure to timely object to a report and recommendation allows a court to accept the recommendation "without expressing any views on the merits of the magistrate's conclusions").  Similarly, failure to object to an R&R forfeits any further right to

2

appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (recognizing that a party forfeits their right to appeal by failing to timely file objections to an R&R).

Accordingly, because neither party objected to the R&R, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommended disposition of Defendants' Motion is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants Howard and Walton's Motion for Summary Judgment (ECF No. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims against Defendants Howard and Walton are **DISMISSED WITH PREJUDICE**, and they are dismissed from this matter.

**IT IS SO ORDERED.**

Dated: January 22, 2026          s/Brandy R. McMillion
    Detroit, Michigan         BRANDY R. MCMILLION
                                       United States District Judge